UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GINA RAE HALL,<br><br>　　　　　　　　Plaintiff(s),<br><br>vs.<br><br>SMART & FINAL INC.,<br><br>　　　　　　　　Defendant(s). | Case No. 2:14-cv-01716-JAD-NJK<br><br>**ORDER**<br><br>Docket Nos. 1, 3 |

Plaintiff is proceeding in this action pro se and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a Complaint on October 16, 2014. Docket No. 1-1. This proceeding was referred to the undersigned by Local Rule IB 1-9.

On October 17, 2014, the Court issued an order indicating that Plaintiff did not qualify to proceed *in forma pauperis* and, instead, should pay the filing fee. *See* Docket No. 2. In response to that order, Plaintiff filed a new application to proceed *in forma pauperis* that seeks reconsideration of the Court's earlier decision. *See* Docket No. 3.[1] The new application contains additional information in support of her assertion that she is unable to prepay fees. *See id*.

**I.    *In Forma Pauperis* Application**

The Court finds that Plaintiff's renewed application to proceed *in forma puaperis* does show an inability to prepay fees and costs or give security for them, as required by § 1915(a). Docket No. 3.

---

[1] The renewed application contained personal identifiers, so the Court sealed it pursuant to Special Order No. 108. *See* Docket No. 4.

Accordingly, the Court **VACATES** its order at Docket No. 2 based on the additional information provided. The Court further **GRANTS** the renewed request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

## II.     Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

### A. Federal Question Jurisdiction

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Plaintiff's complaint was filed on the form complaint for civil rights claims brought pursuant to 42 U.S.C. § 1983. *See* Docket No. 1-1. Such a civil rights claim only applies to misconduct by "state actors," *see, e.g.*, *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003), and the defendants in this case do not appear to be state actors. Nonetheless, the Court construes the complaint liberally and it appears, instead, to be bringing claims under federal anti-discrimination statutes regarding employment. *See, e.g.*, Docket No. 1-1 at 4 (referencing the Americans With Disabilities Act); *id.* at 5 (asserting employment discrimination in violation of Title VII). As so construed, Plaintiff's suit seeks damages for violation of federal law and such claims invoke the Court's federal question jurisdiction.

### B. Retaliation Claim

Having determined that federal-question jurisdiction exists, the Court now turns to the sufficiency of the factual allegations to state a claim. Among other claims brought, Plaintiff claims that she was retaliated against in violation of Title VII of the Civil Rights Act. *See* 42 U.S.C. § 2000e et seq. *See* Docket No. 1-1 at 6. Title VII allows persons to sue an employer for discrimination on the basis of race, color, religion, gender or national origin if she has exhausted both state and Equal Employment Opportunity Commission (EEOC) administrative procedures. Once plaintiff files charges with the EEOC, the commission will investigate the charges, attempt to reach a settlement, and decide whether to sue the employer or refer the decision to sue to the Attorney General if the charges are against a state or local governmental entity. *Id*. If the EEOC or Attorney General decides not to sue and if there is no settlement

that is satisfactory to plaintiff, the EEOC will issue plaintiff a right-to-sue letter and plaintiff will have exhausted her remedies with the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). After receipt of the right to sue letter, plaintiff may sue in federal or state court. *Id.*; *see also Yellow Freight Sys., Inc. v. Donenelly*, 494 U.S. 820, 825-26, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990). Here, Plaintiff has attached a right to sue letter from the EEOC to her complaint. *See* Docket No. 1-1 at 10. Thus, it appears Plaintiff has exhausted her administrative remedies.

To sufficiently allege a *prima facie* case of retaliation in violation of Title VII to survive a § 1915(a) screening, a plaintiff must allege: (1) that she engaged in a protected act, such as complaining about discriminatory practices; (2) that she suffered some sort of adverse employment action; and (3) that a causal connection between her action and the adverse action. *See Jenkins v. Lab. Corp. Of Am.*, 2013 U.S. Dist. Lexis. 118008, *5 (D. Nev. Aug. 20, 2013) (citing *Davis v. Team Elec Co.*, 520 F.3d 1080, 1093-94, (9th Cir. 2008)). Here, Plaintiff alleges that, *inter alia*, she was terminated because she filed a claim with the EEOC. *See, e.g.*, Docket No. 1-1 at 6. Plaintiff has, therefore, stated a retaliation claim against Defendant Smart & Final.[2]

**III.    Docketing of this Case**

The caption of the complaint lists Smart & Final as the only defendant in this case. *See* Docket No. 1-1 at 1. Thus, it appears that Plaintiff only intends to proceed against Smart & Final. No doubt cognizant of the requirement to construe *pro se* pleadings liberally, the Clerk's Office docketed this case to include three other individuals as "defendants." Although a portion of the complaint mentions those individuals as "defendants," *see id.* at 2, the Court does not believe that it is proper at this time to allow service on any of these individuals without a clear indication from Plaintiff that she meant to include them as actual defendants. This is especially true given that the Ninth Circuit has held that individuals cannot be held liable for damages under the ADA or Title VII. *See Walsh v. Nev. Dept. Of Human Resources*, 471 F.3d 1033, 1038 (9th Cir. 2006) (holding that individuals cannot be held liable for claims under the ADA);

---

[2] Because Plaintiff states a retaliation claim under Title VII against Smart & Final, the Court does not address whether additional aspects of the complaint are actionable against Smart & Final. *See, e.g.*, *Jenkins*, 2013 U.S. Dist. Lexis 118008, at *6 n.1. Nothing in this order precludes Smart & Final from filing a motion to dismiss as to any of the claims (including retaliation) brought by Plaintiff.

*Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993) (holding that individuals cannot be held liable for claims under Title VII).[3] Accordingly, the Court hereby **INSTRUCTS** the Clerk's Office to remove the individual defendants from the caption. To the extent Plaintiff does seek to bring claims against these individuals, she may file, no later than December 8, 2014, a motion to amend the complaint to add these individuals as parties. Any such motion must explain how the individuals can be added as defendants in light of the authority discussed above. Absent such a motion being filed and granted, the Court will proceed on the complaint solely on the claims brought against Defendant Smart & Final, Inc.

**IV.    Conclusion**

Based on the foregoing and good cause appearing, therefore,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be required to pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

2. The Clerk of the Court shall file the Complaint and shall issue Summons to Defendant Smart & Final Inc., and deliver the same to the U.S. Marshal for service. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285. Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether Defendant Smart & Final Inc. was served. If Defendant Smart & Final Inc. remains unserved and Plaintiff wishes to have service again attempted, a motion must be filed with the Court identifying Smart & Final Inc. as an unserved defendant and specifying a more detailed name and/or address for it, or whether some other manner of

---

[3] That a plaintiff sues individual defendants in their "official" capacity does not immunize such claims from dismissal. *See, e.g.*, *Hall v. High Desert Recycling, Inc.*, 2011 WL 2600483, *2 (D. Nev. June 29, 2011).

service should be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

3. From this point forward, Plaintiff shall serve upon Defendant Smart & Final Inc., or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration to the Court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendant Smart & Final Inc. or counsel for Defendant Smart & Final Inc. The Court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

4. The Clerk's Office is **INSTRUCTED** to remove the individual defendants from the docket (Karen Portillo, Tim Meagher, and Ginny Diaz). To the extent Plaintiff seeks to bring claims against these individuals, she may file, no later than December 8, 2014, a motion to amend the complaint to add these individuals as parties. Absent such a motion being filed and granted, the Court will proceed on the complaint solely on the claims brought against Defendant Smart & Final Inc.

Dated: November 12, 2014

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE