UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GINA RAE HALL,<br><br>                    Plaintiff(s),<br><br>vs.<br><br>SMART & FINAL STORES, LLC,<br><br>                    Defendant(s). | Case No. 2:14-cv-01716-JAD-NJK<br><br>ORDER DENYING MOTION TO STRIKE (Docket No. 15)<br><br>ORDER THAT THE DOCKET BE UPDATED TO REFLECT SMART & FINAL STORES, LLC HAS BEEN SUBSTITUTED AS A DEFENDANT |

Pending before the Court is Defendant Smart & Final LLC's motion to strike. Docket No. 18. Plaintiff failed to file a response in opposition. Nonetheless, for the reasons discussed more fully below, Defendant's motion to strike is hereby **DENIED**. The Court further **INSTRUCTS** the Clerk's Office to update the docket in this case to reflect that Plaintiff has substituted Smart & Final Stores, LLC as a Defendant in place of Smart & Final Inc.

I.      NOTICE TO PLAINTIFF

The Court begins by providing notice to Plaintiff that she is required to abide by the rules of the court even though she is proceeding in this case *pro se*. *E.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam). Unless otherwise ordered by the Court, parties must file oppositions to motions within 14 days of service of that motion. *See* Local Rule 7-2(b). When a party fails to timely file a response in opposition to a motion, the Court has discretion to summarily grant the motion as unopposed. *See* Local Rule 7-2(d). In this instance, the Court has chosen in its discretion not to summarily grant the motion to strike. Nonetheless, Plaintiff is hereby notified that future failures to timely oppose motions may result in

the motions being granted as unopposed. Plaintiff is further notified that failure to abide by the Court's rules may in some instances result in the imposition of sanctions.

## II.   MOTION TO STRIKE

A motion to strike material from a pleading is made pursuant to Rule 12(f),[1] which allows courts to strike "an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that may arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). Motions to strike are disfavored. *Roadhouse v. Las Vegas Metropolitan Police Dept.*, 290 F.R.D. 535, 543 (D. Nev. 2013). "Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief." *Id.* "Whether to grant a motion to strike lies within the sound discretion of the district court." *Id.*

In this case, Defendant filed a motion to dismiss arguing that, *inter alia*, Plaintiff sued the wrong Smart & Final entity in her original complaint. Docket No. 11. In its pending motion to strike, Defendant acknowledges that Plaintiff was entitled to file an amended complaint as a matter of course to remedy that deficiency. *See* Docket No. 18 at 3. Defendant's motion to strike is premised on its assertion that Plaintiff improperly amended her pleading by simply attaching to the previously-filed complaint a new caption page identifying the correct Smart & Final entity, "Smart & Final Stores, LLC." *See id.* Defendant asserts that amending the pleading in this manner creates confusion because that document contains two captions, contains two opening paragraphs to the "jurisdiction" section, and refers to previously-named Defendants against whom Plaintiff no longer intends to assert claims. *See id.* at 4.

The Court finds these arguments lack merit. As Defendant is no doubt aware, the Ninth Circuit has repeatedly emphasized the Court's obligation to construe the filings of *pro se* parties liberally. *E.g.*, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). "This relieves *pro se* litigants from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them." *Id.* In light of Plaintiff's *pro se* status, it seems plain that her

---

[1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

amended complaint was meant to substitute "Smart & Final Stores, LLC" as a Defendant in place of "Smart & Final Inc." As Defendant acknowledges, Plaintiff was entitled to amend her complaint as a matter of course to achieve that end. Docket No. 18 at 3.

Moreover, Defendant's attestations of "confusion" lack merit. For example, the Court fails to see how the inclusion of two opening paragraphs to the "jurisdiction" section in the amended complaint creates confusion when those paragraphs are identical in all respects except that one refers to (the newly-named Defendant) Smart & Final Stores, LLC rather than referring to "Smart & Final." "Modern litigation is too protracted and expensive for the litigants and the court to expend time and effort pruning and polishing the pleadings." *Russell Road Food & Beverage, LLC v. Galam*, 2013 WL 6684631, *2 (D. Nev. Dec. 17, 2013). That there is some redundancy is not cause to strike the complaint absent a showing of prejudice. *See id.*[2]

In short, it appears plain that Plaintiff's amended complaint was meant to substitute defendants in a manner consistent with Defendant's arguments in the motion to dismiss. Defendant's pending motion to strike makes no showing of prejudice. Accordingly, the motion to strike will be denied.

### III. CONCLUSION

For the reasons discussed above, Defendant's motion to strike is hereby **DENIED**. The Court further **INSTRUCTS** the Clerk's Office to update the docket in this case to reflect that Plaintiff has substituted Smart & Final Stores, LLC as a Defendant in place of Smart & Final Inc.

IT IS SO ORDERED.

DATED: February 17, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] Despite referring to the recent filing as an "Amended Complaint" or "purported Amended Complaint" throughout its motion to strike, Defendant also asserts that it is confused whether the filing was "intended to be an amended complaint" because Plaintiff included the word "AMENDED" in the upper right portion of the caption page rather than immediately adjacent to the words "Civil Rights Complaint" that were pre-printed on the form used by Plaintiff. *See* Docket No. 18 at 4. The Court fails to discern a reasonable basis for confusion.